EXHIBIT
A

FILED

2016 SEP -2 AM 10: 03

NORFOLK
CIRCUIT COURT CLERK

BY:_____ D.C

## *VIRGINIA:*

IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

MARILYN T. THOMAS, Administrator of the }
Estate of Albert T. Thomas, Deceased }
    Plaintiff }
   }
   }
v. }   CASE NO.: *CL16-9558*
   }
   }
EARL BAYNOR JR TRUCKING, INC. d/b/a }
BAYNOR, INC. }
21641 Highway 32 North }
Plymouth, North Carolina  27962 }
  **SERVE:**    Helen C. Baynor, Registered Agent }
           21641 NC Highway 32 North }
           Plymouth, North Carolina  27962 }
           (By Private Process) }
   }
and }
   }
RODNEY V. SHEPHERD }
128 Perry Street }
Williamston, North Carolina  27892 }
  **SERVE:**    Commissioner, DMV }
           2300 Broad Street }
           Richmond, Virginia  23269-0001 }
           (City of Richmond) }
   }
and }
   }
PERDUE FARMS, INC. a/k/a Perdue, Inc. }
  **SERVE:**    CT Corporation System }
           4701 Cox Road, Suite 285 }
           Glen Allen, Virginia  23060 }
           (Henrico County) }
  Defendants }

## COMPLAINT
(Wrongful Death)

COMES NOW, the Plaintiff, Marilyn T. Thomas, Administrator of the Estate

of Albert T. Thomas, Deceased, by counsel, pursuant to §8.01-50, Code of Virginia

(1950), as amended, and respectfully files this Complaint against the above-named

Defendants, Earl Baynor Jr Trucking, Inc. d/b/a Baynor, Inc., Rodney V. Shepherd,

and Perdue Farms, Inc. a/k/a Perdue, Inc., jointly and severally, on the grounds and in the amount as hereinafter set forth:

1.      Plaintiff Marilyn T. Thomas was qualified as the Administrator of the Estate of Albert T. Thomas (hereinafter cited as "Thomas" and/or "Plaintiff"), in the Circuit Court for the County of Northampton County on December 2, 2014. Plaintiff Marilyn T. Thomas was at all times material hereto a lawful resident of the Commonwealth of Virginia and County of Northampton.

2.      Defendant Earl Baynor Jr Trucking, Inc. d/b/a Baynor, Inc. (hereinafter cited as "Baynor"), engaged in the business of interstate trucking and transportation, is a company organized and authorized to do business in the State of North Carolina and is, on information and belief, the employer of Rodney V. Shepherd who was, at all times material hereto, operating a commercial tractor trailer arising out of and in the course of his employment with Baynor for Perdue Farms, Inc. Therefore, Baynor is liable under the doctrine of *respondeat superior* for the negligence of their employee, Rodney V. Shepherd.

3.      Defendant Rodney V. Shepherd (hereinafter cited as "Shepherd") was, at all times material hereto, employed and/or engaged as an interstate truck driver engaged in interstate long distance trailer hauling for defendants Baynor and Perdue Farms, Inc. and was, at the time of the motor vehicle crash and death of Thomas, a citizen and resident of the State of North Carolina.

4.      Defendant Perdue Farms, Inc. a/k/a Perdue, Inc. (hereinafter cited as "Perdue"), engaged in the business of rendering, arranging for transport and wholesaling chicken products from its Accomack County, Virginia plant site, is a

Maryland Corporation authorized to do business in the Commonwealth of Virginia and chose Baynor to transport Perdue's products in Perdue's wholly owned trailers in interstate commerce, under terms and conditions exclusively set by Perdue. As Perdue set the conditions of and directed the interstate transport, Perdue became the motor carrier responsible for the parties it employed and chose to carry out this interstate commerce.

5. Shepherd became an employee of Baynor before September 4, 2014. When Perdue chose them to transport its products in interstate commerce, and directed the conditions and activities of that transport, Perdue became the motor carrier and effective or statutory employer of Shepherd and Baynor.

6. In response to solicitations from Perdue for "trucking opportunities to **join** Perdue" (emphasis added), Baynor applied to Perdue for employment and selection to haul Perdue's branded 53'trailers, with "Perdue" signage proclaiming this brand to the traveling public, and hauling Perdue's rendered chicken products in interstate commerce. Perdue hired Baynor.

7. On or about Thursday, September 4, 2014 before 4:55 p.m., Shepherd, operating Baynor's 2005 Peterbilt 387 road tractor with North Carolina registration, reported to the Accomac Perdue rendering plant located on Route 13 at 22520 Lankford Highway, Accomac, VA 23301 to pick up a Perdue trailer at Baynor's and Perdue's instruction. In accordance with the broker agreement and/or hauling agreement between Perdue and Baynor, Baynor, through its assigned driver, Shepherd, was to haul a 53' Perdue trailer with the Baynor Peterbilt tractor.

8.    Baynor's driver, Shepherd, picked up and secured the Perdue trailer to haul it in interstate commerce, left the Accomac plant southbound on Route 13 into the County of Northampton, VA.

9.    At about the same time, Thomas had picked up a Kubota Model M6800 farm tractor from Micor Enterprises, Inc. in the County of Northampton and was operating it in the right through lane of Route 13 in the area directly in front of the roadway area where Perdue/Baynor's driver Shepherd was driving the Baynor road tractor hauling the 53' Perdue trailer.

10.    When Shepherd reached the area just north of the intersection of Eyreville Drive in the right through lane of Route 13, he suddenly and without warning crashed his road tractor and trailer into the rear of the farm tractor-operated by Thomas, causing both vehicles to crash and come to rest on the west side of southbound Route 13.

11.    Thomas sustained serious and lethal injuries and died on September 6, 2014 in the City of Norfolk as a result of the impact with the Baynor road tractor; Perdue trailer; and the farm tractor on September 4, 2014.

12.    Shepherd subsequently pleaded guilty to reckless driving as a consequence of his driving operation on September 4, 2014 in the General District Court for the County of Northampton, Virginia.

## COUNT I
### (Negligence of Defendant Rodney V. Shepherd)

The plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 12, inclusive, in the same force and effect as though they were fully and specifically set forth in detail, and further alleges as follows:

13.    At the time and place aforesaid, it was the duty of defendant, Shepherd, to use ordinary and reasonable care to keep the Bayner/Perdue commercial tractor trailer he was driving under proper control, to pay full-time and attention to the operation of said commercial tractor trailer, to timely apply his brakes, to keep a proper lookout, to operate his commercial tractor trailer at a safe distance from the plaintiff's decedent, and/or drive said commercial tractor trailer in a reasonable, careful and prudent manner with due regard for the safety of others.

14.    Notwithstanding said duties, defendant Shepherd did then and there so negligently and carelessly operate the commercial tractor trailer he was driving so as to cause the collision with the farm tractor operated by the plaintiff's decedent which proximately caused the injuries and death of the plaintiff Thomas. Defendant Shepherd's acts and/or omissions include, but are not limited to, the following:

a.    failure to use ordinary and reasonable care to keep the commercial tractor trailer he was driving under proper control;

b.    failure to pay full-time and attention to the operation of said commercial tractor trailer;

c.    failure to timely apply his brakes;

d.    failure to keep a proper lookout;

e.    failure to operate his commercial tractor trailer at a safe distance from the farm tractor operated by the plaintiff's decedent; and

f.      failure to drive said commercial tractor trailer in a reasonable, careful and prudent manner with due regard for the safety of others.

15.     As a direct and proximate result of defendant Shepherd's negligence as aforesaid, the plaintiff's decedent was caused to sustain serious and permanent injuries and subsequently died from these injuries.

**COUNT II**
(Negligence of Earl Baynor Jr Trucking, Inc. d/b/a Baynor, Inc.
and Perdue Farms, Inc. a/k/a/ Perdue, Inc.)

The plaintiff incorporates by reference each and every allegation as set forth in Paragraphs 1 through 15, inclusive, in the same force and effect as though they were fully and specifically set forth in detail herein, and further alleges as follows:

16.     At the time and place aforesaid, defendant Shepherd was an employee of defendants Perdue and Baynor, acting in the course and scope of his employment with and at the specific direction of his employers, and, therefore, under the doctrine of *respondeat superior*, defendants Baynor and Perdue are responsible for the negligent conduct of their employee, Shepherd. All negligent conduct of defendant Shepherd is imputed to defendants Baynor and Perdue, his employers.

17.     As a direct and proximate result of the aforesaid negligence of defendants Perdue and Baynor under the theory of *respondeat superior* and the resulting collision, the plaintiff's decedent was caused to sustain serious and lethal injuries.

## COUNT III
### (Negligence of Perdue Farms, Inc. a/k/a Perdue, Inc.)

The plaintiff incorporates by reference each and every allegation as set forth in Paragraphs 1 through 17, inclusive, in the same force and effect as though they were fully and specifically set forth in detail herein, and further alleges as follows:

18.     At all times relevant to this action, defendant Perdue was a large and sophisticated national producer, distributor, employer, motor carrier and shipper/broker that had actual knowledge that transporting cargo via a tractor trailer involves a special risk of physical harm and injury to other motorists unless it is carefully and skillfully done by a competent, safe and careful commercial tractor trailer operator they select and employ and/or otherwise contract with.

19.     At all times relevant to this action, defendant Perdue was the shipper/broker of the load transported by defendant Baynor and operated by defendant Shepherd. Further, Perdue was the statutory or effective employer of Baynor and Shepherd as it directed and controlled the acts of Baynor and Shepherd, and is, therefore, responsible for its negligent selection, retention, training and supervision of Baynor and Shepherd that led to the high risk driving practices that caused this wreck and the harms and death of the Plaintiff's decedent.

20.     Defendant Perdue selected/hired Baynor and/or defendant Shepherd to transport Perdue's commercial load of frozen chicken in Perdue's branded 53' trailer hauled by Shepherd, under strict direction and control of Perdue, and it is that direction by Perdue that brought those defendants into the Commonwealth of Virginia causing the death of Thomas.

21.    At all times material hereto, defendant Baynor had a poor and inadequate safety rating and safety record including, but was not limited to, repeated falsified hours of service documentation, hours of service violations, drivers in possession of alcohol, drivers with positive tests for cocaine, failure to conduct or improperly complete alcohol and drug testing, and wrecks during day light and dry conditions. This information was available to and should have been known to Perdue.

22.    At all times material hereto, defendant Shepherd had a poor and inadequate safety record and/or safety rating. This information was available to and should have been known to Perdue.

23.    At all times material hereto, defendant Perdue had non-delegable duty to choose, retain and employ a competent and careful carrier and driver to haul their trailer and goods and ensure that the carrier and driver it hired took reasonable precautions against known dangers. *Restatement (Second) of Torts §411; Restatement (Second) of Torts §427.* Relevant industry standards and Federal Motor Carrier Safety Regulations also impose this duty on Perdue.

24.    Perdue had an initial and ongoing duty to investigate defendant Baynor and/or defendant Shepherd's driving history and safety record, and Perdue knew or should have known that defendant Baynor and/or defendant Shepherd were dangerous and unsafe operators and unfit to operate tractor trailers on the highways in the Commonwealth of Virginia and in interstate commerce.

25.    Perdue retained control over and directed aspects of the transportation of their trailer and goods. As a result, at all times material hereto,

Page 8 of 12

Perdue had a non-delegable duty to exercise reasonable care and ensure that the operations were conducted safely. *Restatement (Second) of Torts §414.* Relevant industry standards and Federal Motor Carrier Safety Regulations also impose this duty on Perdue.

26.     Notwithstanding defendant Perdue's duties, *inter alia*, it failed to use reasonable care to select a competent, careful, and safe carrier and driver to do work that involved a special risk of physical harm unless it was skillfully and carefully done and it failed to investigate the safety record and criminal record of defendant Baynor and the drivers employed by defendant Baynor including Shepherd.

27.     Pursuant to 49 U.S.C. §14101(a) an interstate motor carrier, broker, shipper, and/or freight forwarder providing transportation or services subject to the Federal Motor Carrier Act is liable for damages sustained by a person as a result of an act or omission by that interstate motor carrier, broker, shipper, and/or freight forwarder in violation of such federal rules and regulations.

28.     The Federal Motor Carrier Act, under 49 U.S.C. §14101(a), mandates that a motor carrier, "shall provide safe and adequate service, equipment, and facilities".

29.     Defendant Perdue hired defendant Baynor and/or defendant Shepherd, by and through a contract carrier agreement and/or broker agreement, and/or lease agreement, and/or otherwise employed Baynor and Shepherd to transport freight on its behalf.

30. Defendant Perdue, a knowledgeable and sophisticated motor carrier broker, shipper, and/or freight forwarding company, knew or should have known that defendant Baynor and/or defendant Shepherd had a poor and inadequate safety record and rating, and was otherwise unsuited to operate safely as required by mandatory safety regulations, and was, therefore, unable to provide safe and adequate service, equipment, and facilities, as mandated under 49 U.S.C. §14101(a) and in accordance with industry standards.

31. Defendant Perdue further violated its duties, and industry standards, by, *inter alia*, by failing to hire a competent and careful motor carrier and contracting and arranging for commercial transportation by an unsafe and unfit commercial motor vehicle driver and carrier.

32. As such, pursuant to 49 U.S.C. §14101(a)(2), defendant Perdue, in providing transportation services by and through a contract carrier agreement and/or broker agreement, and/or lease agreement, and/or otherwise, with defendant Baynor and/or defendant Shepherd, violated 49 U.S.C. §14101(a) by failing to provide safe, and adequate service, equipment and facilities is liable for any and all injuries causing the death of Thomas as a matter of law.

33. The incompetence and unfitness of Baynor and Shepherd, and defendant Perdue's negligence and violations of law and industry standards, were a direct and proximate cause of the violent collision, and decedent's horrific death.

34. As a direct and proximate result of defendant Perdue's negligence and violations of law and industry standards, the decedent's beneficiaries suffered sorrow, and mental anguish; loss of solace - including loss of society,

companionship, comfort, guidance, kindly offices, and advice of the decedent; loss of the decedent's future income; loss of service, protection, care, and assistance from the decedent; past medical bills; and reasonable funeral expenses.

## DAMAGES

35.     Plaintiff's decedent died intestate survived by the following statutory beneficiaries

       a.     Marilyn T. Thomas (wife)

       b.     Marcus D. Collins (son)

       c.     Latasha Westbrook (daughter)

       d.     Keandra D. Toy (son)

       e.     Keynna Toy (daughter)

       f.     Keshauna Toy Crippen (daughter)

       g.     Kapen D. Toy (grandchild)

       h.     Kimiyah D. Crippen (grandchild)

These beneficiaries have sustained financial and pecuniary loss as a result of the death of plaintiff's decedent and have suffered severe mental anguish at the loss of his company and counsel. Plaintiff claims damages against defendants in the amount of TWENTY-FIVE MILLION DOLLARS ($25,000,000.00), pursuant to §8.01-53, Code of Virginia (1950), as amended, on behalf of decedent's beneficiaries, as follows:

       a.     For medical and hospital expenses of decedent incident to the injuries which caused his death;

       b.     For funeral expenses of decedent;

c.     For financial losses related to death of decedent;

d.     For mental anguish and loss of decedent's company; and

e.     For decedent's loss by statutory beneficiaries.

WHEREFORE, the Plaintiff, Marilyn T. Thomas, Administrator of the Estate of Albert T. Thomas, Deceased, seeks damages against the defendants, Earl Baynor Jr Trucking, Inc. d/b/a Baynor, Inc., Rodney V. Shepherd, and Perdue Farms, Inc. a/k/a Perdue, Inc., jointly and severally, in the amount of **TWENTY-FIVE MILLION DOLLARS ($25,000,000.00)**, plus statutory interest and costs on this behalf expended from September 4, 2014.

THE PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.

MARILYN T. THOMAS, Administrator
of the Albert T. Thomas, Deceased
By Counsel

Michael A. Kernbach, Esquire
LAW OFFICE OF MICHAEL A. KERNBACH, P.C.
9161 Liberia Avenue, Suite 300
Manassas, Virginia   20110
Telephone: (571) 292-9046
Facsimile: (571) 292-9048
Email: michael.kernbach@policeandfirelaw.com
VSB No.: 025722